UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| RICHARD MONTGOMERY, ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:18-cv-1304 |
| PREMIER RECOVERY GROUP, INC., ) | |
| Defendant. ) | **JURY DEMAND** |

## COMPLAINT

Now comes RICHARD MONTGOMERY ("Plaintiff"), complaining as to the conduct of PREMIER RECOVERY GROUP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.01 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

**PARTIES**

4. Plaintiff is a natural person residing within the Southern District of Ohio.

5. Defendant is a New York corporation with its principal place of business in Buffalo, NY.

6. Defendant is a third-party debt collector that regularly collects upon consumers in Ohio.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. Beginning, at latest, on October 10, 2018, Defendant has been calling Plaintiff about a purported debt related to an online payday loan.

9. Defendant's agents have left Plaintiff at least three voicemails, including voicemails on October 10 and October 12, 2018.

10. In each of the voicemails left on Plaintiff's phone, Defendant's agent stated that Defendant would initiate litigation against Plaintiff if Plaintiff failed to pay off the purported debt.

11. In none of the voicemails left on Plaintiff's phone did Defendant's agent make a meaningful disclosure of his or her identity or of Defendant's identity.

12. To date, Plaintiff has not received any mail from Defendant.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff realleges the paragraphs above as though fully set forth herein.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

15. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

17. The subject alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely for a personal credit card.

   a. **Violation of FDCPA § 1692d(6).**

18. The FDCPA, pursuant to 15 U.S.C. § 1692d(6), prohibits a debt collector from placing telephone calls to a consumer "without meaningful disclosure of the caller's identity."

[ 3 ]

19. At no point during any of the voicemails that Defendant's agents left on Plaintiff's phone did Defendant's agents make a meaningful disclosure of their identities or of Defendant's identity.

20. The natural consequence of this failure was to confuse, harass, and intimidate Plaintiff and frustrate him in the exercise of his rights.

### b. Violation of FDCPA § 1692e(5).

21. The FDCPA, pursuant to 15 U.S.C. § 1692e(5), prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

22. A Courtlink search by Plaintiff's counsel revealed no instances of Defendant bringing claims against purported debtors. On information and belief, Defendant rarely if ever sues debtors against whom seeks to collect.

23. A debt collector's threat to bring a lawsuit that it does not intend to bring violates § 1692e(5). *See Baker v. G.C. Services Corp.*, 677 F.2d 775, 778–79 (9th Cir. 1982); *United States v. Commer. Recovery Sys.*, 179 F.Supp.3d 728, 735 (E.D. Tex. 2016) (finding that threats of legal action violated § 1692e(5) where defendant never filed suits against debtors); *United States v. First Fed. Credit Control, Inc.*, 1982 U.S. Dist. LEXIS 17964, at *14 (N.D. Ohio Mar. 11, 1982) (similar).

24. Defendant violated § 1692e(5) when its employees left voicemails threatening to bring litigation against Plaintiff if Plaintiff failed to pay off the purported debt.

25. The natural consequence of this false representations was to alarm, intimidate, and oppress Plaintiff.

### c. **Violation of FDCPA § 1692g(a).**

26. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), provides that a debt collector, within five days of its initial communication with a consumer, must send the consumer a written notice containing specified information about the nature of the alleged debt and the consumer's right to request verification.

27. To date, Plaintiff has received no mail from Defendant.

28. On information and belief, Defendant has not sent Plaintiff the required § 1692g notice.

29. Defendant violated § 1692g(a) when it failed to send the required notice within five days of its initial call to Plaintiff.

30. The natural consequence of this failure was to deprive Plaintiff of knowledge of his rights and thereby increase the harassing and intimidating effect of Defendant's other actions.

## COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

31. Plaintiff realleges the paragraphs above as though fully set forth herein.

32. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

33. Plaintiff is a "person" as defined by R.C. 1345.01(B).

[ 5 ]

34. Defendant is a "supplier" as defined by R.C. 1345.01(C). *See Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

35. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

36. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

37. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

38. Defendant has committed unfair or deceptive acts in violation of the CSPA, R.C. 1345.02(A), by engaging in acts in violation of the FDCPA as set forth above.

39. Such acts have been previously determined by Ohio courts to violate the CSPA. *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

40. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

41. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation for the violation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**e.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

**f.** Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

**g.** Awarding Plaintiff the costs of this action; and

**h.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

[ 7 ]

Dated:  October 24, 2018

                                                            By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
www.hiltonparker.com